CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 10 2006

JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LUIS M. NARVAEZ, ) | |
|     Petitioner, ) | Civil Action No. 7:06-cv-00469 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN TERRY O'BRIEN, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |

    Petitioner Luis M. Narvaez, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the validity of his confinement under a November 2003 judgment entered against him by United States District Court for the Western District of Wisconsin, convicting and sentencing him for bank robbery. After review of the record, the court concludes that the petition must be dismissed.

    Narvaez pled guilty to one count of violating Title 18, United States Code, Section 2113, prohibiting bank robbery. He states that he did not file any motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. In his current petition, Narvaez claims that his prior state convictions for escape should not have been used to enhance his federal criminal sentence because these offenses were not violent crimes and were consolidated for trial.

    A district court may not entertain a § 2241 petition challenging the validity of a federal criminal conviction and or sentence unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."[1] Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has held that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate shows that:

---

[1] Narvaez does not allege that his criminal sentence is being improperly executed in any way. Rather, he challenges the validity of the sentence itself.

1

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The current petition does not indicate any respect in which petitioner's claims meet the standard under Jones so as to qualify for consideration under § 2241. Contrary to petitioner's assertions, he is not entitled to bring claims under § 2241 merely because a petition under § 2255 would be barred by the statute of limitations. Furthermore, Narvaez does not point to any recent change of substantive law, and the court is unaware of any such precedent, legalizing the conduct for which petitioner stands convicted. It is still illegal to rob a bank. Because petitioner thus does not demonstrate under Jones that § 2255 is inadequate to test the legality of his detention, he is not entitled to challenge the validity of his criminal sentence under § 2241. The court will dismiss his petition accordingly. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This ___ day of August, 2006.

Senior United States District Judge